1  KELLY E. KONKRIGHT WSBA #33544
2  CHARLES HAUSBERG WSBA #50029
   LUKINS & ANNIS, P.S.
3  1600 Washington Trust Financial Center
4  717 W Sprague Ave
   Spokane, WA  99201-0466
5  Telephone: (509) 455-9555
6  Facsimile: (509) 747-2323
   E-mail: kkonkright@lukins.com;
7         chausberg@lukins.com
8  Attorneys for Kaspien Inc.

9              IN THE UNITED STATES DISTRICT COURT
10           FOR THE EASTERN DISTRICT OF WASHINGTON

11  VIJUVE INC., a Florida corporation,      Case No. 21-cv-00192-SAB

12                        Plaintiff,         KASPIEN'S FIRST AMENDED
13                                           ANSWER, AFFIRMATIVE
                                             DEFENSES, AND
14     v.                                    COUNTERCLAIMS

15  KASPIEN INC., a Washington
16  corporation,
                          Defendant.         **JURY DEMAND**
17  _____

18  KASPIEN INC., a Washington
19  corporation,

20                  Counterclaim Plaintiff,
21     v.

22  VIJUVE INC., a Florida corporation,
23
                    Counterclaim Defendant.
24

25

26

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 1
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

Defendant Kaspien Inc. ("Kaspien") by and through its counsel, states the following in answer to Plaintiff's Complaint. Kaspien demands a trial by jury for all claims in this matter.

## ANSWER

Answering the first, unnumbered paragraph of the Complaint, the contents contained therein attempt to offer a summary of the nature of the lawsuit and/or legal conclusions or contentions. As such, no response is required. To the extent a response is required, Kaspien denies the allegations in that unnumbered paragraph.

## PARTIES

1.      Answering Paragraph 1, Kaspien lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

2.      Answering Paragraph 2, admit.

## JURISDICTION AND VENUE

3.      Answering Paragraph 3, the allegations contained therein state legal conclusions to which no response is required. To the extent that a response is required, Kaspien denies the allegations in Paragraph 3.

4.      Answering Paragraph 4, the allegations contained therein state legal conclusions to which no response is required. In addition, the contract between

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 2
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

Kaspien and Vijuve speaks for itself and no response is required.  To the extent a response is required, Kaspien denies any allegations in Paragraph 4 that contradict the contract.

## FACTUAL BACKGROUND

### The Contract

5.    Answering Paragraph 5, admit that Vijuve and Kaspien entered into a contract on or about September 18, 2020.  The contract speaks for itself and no response is required to the remainder of Paragraph 5.  Kaspien denies any allegations Paragraph 5 that contradict the contract.  Unless expressly admitted, the allegations in Paragraph 5 are denied.

6.    Answering Paragraph 6, to the extent this paragraph seeks to summarize or describe the contents of the contract, the contract speaks for itself and no response is required.  Kaspien denies any allegations in Paragraph 6 that contradict the contract.  To the extent that Paragraph 6 is not seeking to summarize or describe the contract, Kaspien denies the allegations contained therein.

7.    Answering Paragraph 7, the contract speaks for itself and no response is required.  Kaspien denies any allegations in Paragraph 7 that contradict the contract.

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 3
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

8.      Answering Paragraph 8, the contract speaks for itself and no response is required.  Kaspien denies any allegations in Paragraph 8 that contradict the contract.

9.      Answering Paragraph 9, the contract speaks for itself and no response is required.  Kaspien denies any allegations in Paragraph 9 that contradict the contract.

10.     Answering Paragraph 10, the contract speaks for itself and no response is required.  Kaspien denies any allegations in Paragraph 10 that contradict the contract.

11.     Answering Paragraph 11, the contract speaks for itself and no response is required.  Kaspien denies any allegations in Paragraph 11 that contradict the contract.

12.     Answering Paragraph 12, the contract speaks for itself and no response is required.  Kaspien denies any allegations in Paragraph 12 that contradict the contract.

## Kaspien Breached Contract

Answering the heading entitled "Kaspien Breached the Contract," this heading alleges a legal conclusion to which no response is required.  To the extent a response is required, Kaspien denies the allegation in the heading.

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 4
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave, Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

13.     Answer Paragraph 13, deny the first sentence.  Answering the second sentence of Paragraph 13, admit that Kaspien placed a purchase order.  To the extent that the second sentence of Paragraph 13 discusses the terms of the contract, the contract speaks for itself and no further response is required.  Kaspien denies any allegations in the second sentence of Paragraph 13 that contradict the contract.  Unless expressly admitted, the allegations in Paragraph 13 are denied.

14.     Answering Paragraph 14, deny.

15.     Answering Paragraph 15, the contract speaks for itself and no response is required.  Kaspien denies any allegations in Paragraph 15 that contradict the contract.  The allegations in Paragraph 15 also state legal conclusions to which no response is required.  To the extent that a response is required, Kaspien denies the allegations in Paragraph 15.

16.     Answering Paragraph 16, the contract speaks for itself and no response is required.  Kaspien denies any allegations in Paragraph 16 that contradict the contract.  The allegations in Paragraph 16 also state legal conclusions to which no response is required.  To the extent that a response is required, Kaspien denies the allegations in Paragraph 16.

17.     Answering Paragraph 17, admit that Kaspien did not make a purchase for $774,000.  The remainder of Paragraph 17 does not require a response, as it

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 5
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

states either legal conclusions or seeks to describe/summarize the contract, which speaks for itself. To the extent that a response is required, Kaspien denies the remaining allegations in Paragraph 17. That is, Kaspien denies that it was required to make a purchase. Unless expressly admitted, the allegations in Paragraph 17 are denied.

18.     Answering the first sentence of Paragraph 18, admit that Vijuve made a demand for $774,000. Kaspien denies the remaining allegations in the first sentence of Paragraph 18. Answering the second sentence of Paragraph 18, admit that Exhibit 2 contains a true and correct copy of a letter sent by Vijuve's attorney. Unless expressly admitted, the allegations in Paragraph 18 are denied.

19.     Answering Paragraph 19, deny.

20.     Answering Paragraph 20, deny.

21.     Answering Paragraph 21, deny the first sentence. Answering the second sentence of Paragraph 21, Kaspien lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

22.     Answering Paragraph 22, the allegations contained therein state legal conclusions to which no response is required. To the extent that a response is required, Kaspien denies the allegations in Paragraph 22.

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 6
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

23.    Answering Paragraph 23, the contract speaks for itself and no response is required.  Kaspien denies any allegations in Paragraph 23 that contradict the contract.

### Vijuve's Damages from Kaspien's Contract Breach

Answering the heading entitled "Vijuve's Damages from Kaspien's Contract Breach," Kaspien denies that it breached the contract and denies that Vijuve's has suffered any damages.

24.    Answering Paragraph 24, deny.  By way of further answer, Vijuve is barred from the damages that it seeks in this lawsuit due to, *inter alia*, Paragraph 20 of the contract.

25.    Answering Paragraph 25, deny.  By way of further answer, Vijuve is barred from the damages that it seeks in this lawsuit due to, *inter alia*, Paragraph 20 of the contract.

### BREACH OF CONTRACT CAUSE OF ACTION

26.    Answering Paragraph 26, Kaspien realleges and reincorporates its previous answers.

27.    Answering Paragraph 27, admit.

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 7
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

28.    Answering Paragraph 28, the contract speaks for itself and no response is required.  Kaspien denies any allegations in Paragraph 28 that contradict the contract.

29.    Answering Paragraph 29, the allegations contained therein state legal conclusions to which no response is required.  To the extent that a response is required, Kaspien denies the allegations in Paragraph 29.

30.    Answering Paragraph 30, deny.

31.    Answering Paragraph 31, deny.

32.    Answering Paragraph 32, deny.

## VIJUVE'S REQUEST FOR RELIEF

To the extent an answer could be required to Vijuve's "Relief Requested," Kaspien denies that Vijuve is entitled to any of the relief prayed for.

In further answer to Vijuve's Complaint, Kaspien denies each and every allegation not specifically admitted herein.

## <u>AFFIRMATIVE DEFENSES</u>

By way of further answer and as affirmative defenses to Plaintiff's Complaint, and without prejudice to any other position taken herein, Kaspien alleges as follows:

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 8
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

1.    Plaintiff's claims are barred and/or limited, in whole or in part, for failure to state a claim upon which relief may be granted.

2.    Plaintiff's claims are barred as a result of Plaintiff's bad faith and/or unclean hands.

3.    Plaintiff's claims are barred by Plaintiff's breaches of the relevant contract, including material breaches, and its breaches of the duty of good faith and fair dealing.

4.    Plaintiff's claims are barred by Washington's codification of the Uniform Commercial Code, Title 62A RCW.

5.    Plaintiff's claims are barred by Paragraph 20 of the contract, which expressly limits Kaspien's liability to Vijuve.  It also expressly bars Vijuve from recovering damages from Kaspien.

6.    Plaintiff's claims are barred because Plaintiff terminated and repudiated the contract at issue in this case.

7.    Plaintiff's claims are barred by the doctrines of waiver and estoppel.

8.    Plaintiff's claims are barred and/or limited by Plaintiff's failure to mitigate its alleged damages.

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 9
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

9.     Plaintiff's claims are barred by Plaintiff's fraudulent conduct, as detailed below, in Paragraphs 3.1 – 3.47 and Paragraphs 4.13 – 4.24 of Kaspien's counterclaims.

10.     Kaspien has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. Kaspien expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## COUNTERCLAIMS

## I. PARTIES

1.1     Counterclaim Plaintiff Kaspien Inc. ("Kaspien" or "Counterclaim Plaintiff") is a corporation organized in the State of Washington with its headquarters and principal place of business in Spokane, Washington.

1.2     On information and belief, Counterclaim Defendant Vijuve Inc. ("Vijuve" or "Counterclaim Defendant") is a corporation with its headquarters in Florida.

## II. JURISDICTION AND VENUE

2.1     Counterclaim Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

2.2     This Court has original jurisdiction over Counterclaim Plaintiff's

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 10
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

claims and has personal jurisdiction over Counterclaim Defendant pursuant to, *inter alia*, 28 U.S.C. § 1332 and the fact that Counterclaim Defendant has submitted to the jurisdiction of this Court by initiating the instant lawsuit. The amount in controversy in Kaspien's counterclaims exceeds $75,000.

2.3    Venue is proper in this judicial district pursuant to, *inter alia*, 28 U.S.C. § 1391. In addition, Counterclaim Plaintiff and Counterclaim Defendant have agreed that the disputes contained in Counterclaim Plaintiff's counterclaims must be resolved in Spokane, Washington.

## III. FACTS

3.1    Counterclaim Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

3.2    In approximately October of 2018, Vijuve and Kaspien entered into a contractual relationship pursuant to which Kaspien was authorized to sell Vijuve products—mainly on Amazon.

3.3    The relationship between Vijuve and Kaspien continued through the remainder of 2018, 2019, and into 2020.

3.4    Then, in September of 2020—between September 2, 2020 and September 18, 2020—Vijuve, through its authorized representative Adeel Imrani, sought to modify the relationship between Vijuve and Kaspien because sales of

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 11
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

Vijuve products had slowed—including Kaspien's sales on Amazon.

3.5    In particular, Vijuve, through Mr. Imrani, proposed to modify the parties' relationship by stating that Vijuve intended and planned to increase its sales through advertising/marketing on social media and its email lists.  Based on this stated intention and plan to increase sales, Vijuve wanted Kaspien to purchase Vijuve's products based on the "sales velocity" of Vijuve products during two-week periods of time.  Under Vijuve's proposal, a high "sales velocity" would create a high purchase commitment for Kaspien.

3.6    Vijuve, through Mr. Imrani, even stated on September 2, 2020 that its advertising/marketing plan "has been time and again tested on our website, and recently we tried on Amazon, which worked great as well."

3.7    Vijuve, through Mr. Imrani, made repeated statements that it planned to increase sales through social media and email list advertising, including in emails and phone calls throughout September of 2020, including on September 2, 2020 and subsequent dates that month.

3.8    Vijuve's statements in September of 2020 were material to Kaspien's consideration of Vijuve's proposal because, *inter alia*, Vijuve's plan and intentions regarding advertising and marketing were the basis for Vijuve's proposal to modify the parties' relationship.

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS:  12
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3.9     Vijuve's statements in September of 2020 were false, and Vijuve knew they were false.  This is because Vijuve **did not** plan to increase sales through social media and email list advertising.  Rather, its plan all along—even prior to communicating its proposal to Kaspien in September of 2020—was to increase sales through full (i.e., 100% of the purchase price) rebates.  Vijuve's plan was to provide these full rebates for thousands of purchases of Vijuve products that were made through Kaspien's listings on Amazon.  Vijuve's plan was to make Kaspien believe that these sales were genuine sales that were generated through social media and email list advertising.

3.10    Moreover, Vijuve had not "time and again" tested its intended course of action to provide large-scale free rebates to customers.

3.11    Vijuve specifically planned and intended to create artificial increases in sales during two-week time-frames with the aforementioned rebate scheme.  In turn, this plan would artificially (and unbeknownst to Kaspien) increase Kaspien's purchase obligations under Vijuve's proposal.

3.12    For example, on September 10, 2020, Vijuve told Kaspien that it was aiming to "sell 1,000 Massagers and 500 Serums" using its email list and social media advertising.  In fact, Vijuve was actually aiming to secretly reimburse the purchasers of all 1,000 Massagers and all 500 Serums without telling Kaspien

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS:  13
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

through, among other things, a third-party service called Surkus.

3.13    Vijuve's intent in falsely representing its advertising plan was to get Kaspien to agree to a modification of the parties' relationship (i.e., sign a new contract) and to get Kaspien to make significant purchase orders based on a large volume of artificial sales generated solely through this secret rebate program.

3.14    Kaspien did not know that Vijuve was falsely representing its "advertising" plan and relied on the truth of Vijuve's statements based on, among other things, the parties' prior history and ongoing relationship.

3.15    Kaspien reasonably relied upon—and had the right to rely upon—Vijuve's statements regarding its marketing plans and intentions based upon, among other things, the parties' prior history, ongoing relationship, prior dealings, and communications.

3.16    Based upon Vijuve's statements regarding its marketing plan, Kaspien agreed to modify the parties' relationship and entered into a Retailer Agreement (the "Contract") on or about September 18, 2020.

3.17    If Kaspien had known the truth about Vijuve's intentions to engage in large-scale rebates for customers that purchased products from Kaspien's Amazon listings, Kaspien would not have entered into the Retailer Agreement or made the commitments set forth therein.

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 14
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W. Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3.18    Under the Contract, Kaspien became an authorized retailer of Vijuve's products.

3.19    Consistent with its rights, Kaspien purchased products from Vijuve to sell through Amazon.

3.20    The Contract also contained a paragraph/section regarding Kaspien's rights upon termination.  Specifically, upon termination of the Contract, Kaspien had the right to either "continue selling remaining Product inventory through any available distribution channel" or "require [Vijuve] to buy-back any current and saleable Products held by Kaspien if such buyback transaction is initiated by Kaspien within thirty (30) days of termination."  In the event of a buyback, Vijuve was obligated to "reimburse Kaspien for each unit of unsold Product at the price provided for in the Purchase Order" and "reimburse Kaspien for all removal fees, including shipping."  In the event of a buyback, Vijuve was required to make payment prior to Kaspien's shipment of the products.

3.21    The Contract contains a choice of law clause providing that the Contract is to be governed by Washington law.

3.22    The Contract contains a venue clause stating that "[a]ll disputes relating to this Agreement, any Purchase Order, or the Products, will be tried or arbitrated in Spokane County, Washington."

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 15
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3.23   The Contract provides that: "In the event that any dispute or litigation arises in connection with the provisions of this Agreement, the prevailing party thereto shall have the right to collect and receive reasonable attorney's fees and costs from the non-prevailing party."

3.24   The Contract, at paragraph 20, also provides as follows: "In no event shall Kaspien or its affiliates or subsidiaries be liable to [Vijuve] or any third party under any theory of tort, contract, strict liability or other legal or equitable theory for (i) lost profits, lost revenue, loss of business or loss of data, (ii) exemplary, punitive, special, incidental, indirect or consequential damages or the like, or (iii) for cost of cover, recovery or recoupment of any investment, each of which is hereby excluded by agreement of the parties regardless of whether such damages were foreseeable or whether Kaspien has been advised of the possibility of such damages."

3.25   Under the Partnership Details Addendum to the Contract, Vijuve and Kaspien agreed "to develop a mutually agreeable Amazon marketing plan."

3.26   Certain of Kaspien's obligations to purchase Vijuve products were based on the "sales velocity" that occurred over two-week periods of time.

3.27   Pursuant to the Contract, Kaspien purchased products from Vijuve, which Kaspien then began selling on Amazon.

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 16
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3.28    Again, Vijuve never disclosed its intention to run an extensive rebate program that included rebates of 100% of the purchase price of certain products. Instead, Vijuve falsely stated that it was going to advertise and market its products through advertising through is email list and through social media.  To be clear, Vijuve never disclosed the fact that it actually intended to run large-scale full rebates.

3.29    After the Contract was executed, Vijuve represented to Kaspien that it was going to run marketing pursuant to its prior statements regarding advertisements on social media and email lists.  Vijuve represented that it was aiming to sell 1,000 of its Massagers and 500 units of its Serum through these marketing efforts.  Again, Vijuve's prior statements were devoid of any mention of 100% rebates—let alone large-scale 100% rebates.  For example, on October 2, 2020, Vijuve, through Mr. Imrani, stated that the marketing "is mostly to our Email Subscribers."

3.30    In fact, Vijuve offered free rebates over multiple platforms— including through a third party service called Surkus.  This was done without Kaspien's knowledge or consent.  Through these free rebates, Vijuve sought to have Kaspien "sell" all of the 1,000 Massagers and 500 units of Serum between September 28 and October 12, 2020.  Among other things, Vijuve specifically

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS:  17
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

signed a contract with Surkus setting forth its plan to issue free rebates for all of these products. Vijuve even paid Surkus to disseminate its free rebates. Vijuve also disseminated its 100% rebate offer through other channels. Vijuve did not disclose any aspect of this plan to Kaspien and instead falsely stated that it was using other methods to genuinely market Vijuve products that would generate genuine Amazon sales.

3.31    Vijuve's plan went into effect on or about September 28, 2020 and lasted into early October of 2020. Unsurprisingly, many people were interested in receiving products for free. During this two week period, approximately 1,000 Massagers and 500 units of Serum were purchased on Amazon pursuant to Vijuve's 100% rebate program. Kaspien did not know that this 100% rebate program was the reason for these "sales."

3.32    Kaspien believed that its sales of Vijuve products in late September/early October of 2020 were genuine purchases—certainly not purchases from people who were going to get all of their money back. In forming this belief, Kaspien relied on the statements from Mr. Imrani about Vijuve's marketing plans—none of which included any reference to 100% rebates on a large scale.

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 18
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3.33   As a result of this two-week increase in sales in late September/early October of 2020 and its reliance on Mr. Imrani's statements about Vijuve's marketing plan, Kaspien ordered over $237,000 of Vijuve products.

3.34   If Kaspien had known that Vijuve was using large-scale free rebates, Kaspien would never have placed this order or continued its relationship with Vijuve.  Large-scale free rebates do not reflect a genuine sale or genuine customer interest.  They also potentially run afoul of various rules on Amazon about improperly inflating sales and sales rank.

3.35   Thus, Vijuve, through Mr. Imrani, made false representations of fact and material omissions regarding the marketing that it planned to run—and did actually run in late September and early October of 2020.  These representations and omissions concerned material facts and information.  Vijuve knew that its representations were false.  It knew that Kaspien would act on these false representations and omissions by ordering more Vijuve products.  This is because Vijuve's conduct and statements made Kaspien believe that the sales increase in late September/early October of 20202 was genuine.   Kaspien did not know that Vijuve's statements were false.  Kaspien relied—and had a right to rely—on Vijuve's statements regarding its marketing in late September and early October of

KASPIEN'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS: 19
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave, Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

2020.  These statements were consistent with Vijuve's statements regarding its marketing that induced Kaspien into signing the Contract in the first place.

3.36    Kaspien purchased over $237,000 of Vijuve products as a result of Vijuve's false statements in late September/early October of 2020.  Kaspien actually paid these funds to Vijuve.

3.37    Then, in late January/early February of 2021, Vijuve again announced an intention to run a marketing campaign.  It made statements of the same nature as before—that it would run advertising on social media and through its email lists—during this campaign.

3.38    However, as it did in late September/early October of 2021, Vijuve, in fact, again put its undisclosed large-scale 100% rebate program into effect in late January and/or early February 2021 for a concentrated two-week period of time. This was done in order to artificially inflate the two-week sales velocity.  In turn, this would have the effect of artificially and improperly increasing Kaspien's purchase obligations.   Kaspien did not know about this program at the time, and never approved this program and marketing plan.

3.39    As a result of a large-scale free rebate program, Kaspien's sales of Vijuve products saw an extreme spike during approximately two weeks in late January/early February.  Vijuve's large-scale free rebate program sought to provide

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS:  20
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone (509) 455-9555
Fax: (509) 747-2323

rebates for 3,000 Massager purchases and 1,500 units of serum. In fact, this approximate amount of products were "purchased" on Amazon by people seeking Vijuve's free rebates. The fact that these purchasers were seeking 100% rebates from Vijuve was unknown to Kaspien—because Vijuve never told Kaspien that this large scale 100% rebate program was going on. Consistent with the above, Vijuve only stated that it was advertising through its email list and on social media.

3.40    The late January/early February sales spike was exponentially higher than any previous sales and was dramatically inconsistent with prior sales trends. And, the spike in sales could not be legitimately explained by Vijuve—who never revealed what it was actually doing. The spike could not be attributed to any aspect of the parties' agreed marketing plan.

3.41    The sales spike was not only suspect because it was unexplainable based on Vijuve's prior representations. It was also questionable because the impact of such a brief two-week spike was to increase sales velocity in a way that would dramatically increase Kaspien's purchase commitment to Vijuve by hundreds of thousands of dollars.

3.42    As this questionable sales spike was concluding, Vijuve almost immediately demanded that Kaspien place an order for over $700,000 of Vijuve

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 21
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

products—including a nearly $500,000 advance payment—based on this purported increase in sales.

3.43    After seeing this sales spike and, *inter alia*, analyzing the data and looking at prior sales trends, Kaspien sought an explanation and assurances from Vijuve about what had happened.  It sought these assurances due to Vijuve's hasty demand for hundreds of thousands of dollars.

3.44    Kaspien told Vijuve, among other things, that it was not comfortable making such a large order without understanding how this isolated sales spike had occurred.  Also, Kaspien did not want to place an order for thousands of products without assurances that Vijuve could buy back the products if they did not sell.

3.45    Thus, pursuant to RCW 62A.2-609, Kaspien sought assurances from Vijuve regarding, among other things, its marketing strategies, financial condition, and a letter of credit.

3.46    Shortly after Kaspien's request for assurances,  on February 13, 2021, Vijuve responded and stated that it was "committed to complete all" of Kaspien's conditions.

3.47    Vijuve then refused to provide all of the assurances that Kaspien sought.  Instead, Vijuve reverted back to its prior demand that Kaspien purchase over $700,000 of Vijuve products without any assurances and without any

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 22
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

explanation for the anomalous and highly-suspect sales spike.  Even then, Vijuve did not disclose its large-scale 100% rebate program in which it was seeking to provide all 100% rebates on thousands of purchases.

3.48    Kaspien continued to insist that Vijuve provide assurances and an explanation for the sales spike.  By the end of February, Kaspien still had over $200,000 worth of Vijuve products—which were barely selling. And, at this point, Vijuve products were being returned at a rate of 6%—compared to an average of approximately 3.5% across Kaspien's entire catalogue of products.  These facts, among others, again underscored the irregular and suspicious nature of the sales spike.  Kaspien spelled out its concerns in detail in correspondence, including correspondence on February 23, 2021, and February 26, 2021.

3.49    Not only that, but Vijuve was already in material breach of the Contract by failing to pay marketing invoices and failing to provide evidence of insurance to Kaspien.

3.50    On or about February 24, 2021, Vijuve informed Kaspien that it was "not willing to proceed further with the contract."  On that date, Vijuve also informed Kaspien that it would not be providing the assurances previously requested (and which Vijuve had previously agreed to provide).  In other words, Vijuve terminated the Contract on or about February 24, 2021.

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 23
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3.51   Around this same time, the customers who purchased Vijuve products through some of Vijuve's undisclosed rebate programs (including rebates providing for a 100% rebate) apparently became angry when Vijuve refused to provide the promised rebate.  Incredibly, Vijuve began informing these customers that Kaspien was responsible for releasing the rebate payments and that Vijuve could not fulfill its rebate obligations until it received additional funds from Kaspien.  That is, Vijuve began falsely blaming Kaspien for Vijuve's failure to satisfy rebate promises. Again, these rebate promises were made without Kaspien's knowledge, or consent.

3.52   Due to Vijuve's repudiation and termination of the Contract on or about February 24, 2021, Kaspien initiated a buyback pursuant to paragraph 10 of the Contract.  This occurred on or about March 24, 2021.  Under the Contract, Vijuve was required to buy back the products that it previously sold to Kaspien and that remained unsold.  It was also required to pay Kaspien for all accompanying removal fees and shipping.  Vijuve's buyback payment was due prior to the products being shipped.   In all, Kaspien initiated a buyback transaction that required Vijuve to buy back 1,113 Vijuve Serum Products and 3,457 Vijuve Face Massagers and pay accompanying removal fees and shipping.  In sum total, Vijuve

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 24
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

was obligated to pay Kaspien $229,179.50.  After receipt of the funds, Kaspien was ready, willing, and able to ship back the aforementioned products.

3.53    Despite Kaspien validly and properly exercising its right to initiate a buyback transaction, Vijuve refused to permit the buyback transaction to move forward, refused to pay any sums to Kaspien, and denied that it had any obligation to buy back its products.

3.54    Kaspien subsequently discovered evidence that Vijuve had taken actions to artificially drive up its sales velocity during the two-week sales spike in January/February of 2021.  This include the aforementioned 100% rebate program that was never disclosed to Kaspien.  Steps to artificially drive up sales velocity had the known effect of artificially increasing Kaspien's potential purchase obligation. The apparent goal of these actions was that Vijuve would improperly receive significant sums from Kaspien for products that Kaspien would be unable to sell.  Kaspien discovered further evidence of Vijuve's plans and intentions through discovery in this lawsuit.

3.55    Kaspien presently possesses and/or controls 1,113 Vijuve Serum Products and 3,457 Vijuve Face Massagers.  It still seeks to return these products to Vijuve in a buyback transaction pursuant to the Contract.  It is still ready,

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 25
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

willing, and able to ship back the aforementioned products upon receipt of $229,179.50.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT / VIOLATION OF COVENANT OF GOOD FAITH AND FAIR DEALING

4.1    Counterclaim Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

4.2    Pursuant to the Contract, Kaspien and Vijuve had/have an enforceable contract giving rise to express contractual covenants, duties and obligations owed by Vijuve to Kaspien, as well as the implied duty to act in good faith an in accord with fair dealing.

4.3    Through the conduct described above, Vijuve breached the Contract and related covenants, obligations or agreements with Kaspien,

4.4    Through the conduct described above, Vijuve is also in breach of the implied covenant of good faith and fair dealing by failing to perform its contractual obligations in good faith and by interfering with Kaspien's performance under the Contract.

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

4.5     Kaspien has performed all obligations imposed on it under the Contract or has been excused from performance by Vijuve's breaches of the Contract.

4.6     Vijuve's breaches have proximately caused damage to Kaspien. Kaspien's damages include, but are not limited to the amount of any payments made to Vijuve after September 18, 2020 (over $237,000.00) and the amount of the buyback transaction that Vijuve refuses to pay ($229,179.50)

### SECOND CAUSE OF ACTION: SPECIFIC PERFORMANCE

4.7     Counterclaim Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

4.8     The Contract between Kaspien and Vijuve is valid and binding—and remains so with regard to Vijuve's obligation to buy back products pursuant to paragraph 10.

4.9     Vijuve has breached and/or threatened to breach paragraph 10 of the Contract regarding its buyback obligation.  This happened, *inter alia*, when Vijuve refused to send funds to Kaspien after Kaspien initiated the buyback transaction on or about March 24, 2021.

4.10     The Contract, including paragraph 10, has definite and certain terms and is free from unfairness, fraud, and overreaching.

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS:  27
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

4.11   Kaspien is ready, willing, and able to send back the products pursuant to the buyback transaction that it initiated on or about March 24, 2021.

4.12   Pursuant to paragraph 10 of the Contract, Kaspien is entitled to an order/award of specific performance requiring Vijuve to move forward with the buyback transaction (and pay the sums required in order to do so).

## THIRD CAUSE OF ACTION: FRAUD

4.13   Counterclaim Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

4.14   Through the conduct described above, specifically the conduct described in Paragraphs 3.1 – 3.47, Vijuve made representations of existing fact between September of 2020 and February of 2021.  These representations concerned Vijuve's intentions, plans, and actual actions to market Vijuve products that Kaspien was selling on Amazon.

4.15   Vijuve's representations were material to Kaspien's decision to enter into the Contract with Vijuve.  Vijuve representations were material to Kaspien's decisions to purchase products from Vijuve subsequent to September 18, 2020.

4.16   Vijuve's representations concerning its intentions, plans, and actual actions to market Vijuve products were false.  Vijuve knew they were false.

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS:  28
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

4.17    Vijuve intended for Kaspien to act upon the aforementioned false representations.

4.18    Kaspien did not know that Vijuve's representations concerning its intentions, plans, and actual actions to market products were false.  In fact, Kaspien relied on the truth of Vijuve's representations and had the right to rely on these representations.

4.19    As a result of Vijuve's false representations, Kaspien entered into the Contract—something it never would have done if it had known that Vijuve's representations were false.  In other words, Vijuve's conduct fraudulently induced Kaspien into signing the Contract.

4.20    As a result of Vijuve's false representations, Kaspien suffered damages when it made purchases of Vijuve products in amounts exceeding $237,000.00.

4.21    In addition, Vijuve's actions can be considered fraud by silence, omission, or concealment because Vijuve never disclosed its true plan and actions. That is, Vijuve never disclosed its plan—which it put into place—to issue 100% free rebates on a large scale (i.e., for thousands of Vijuve product purchases). Vijuve knew that Kaspien was unaware of its true plan and actions to engage in this free rebate scheme.  This non-disclosure induced Kaspien to agree to/sign the

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 29
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

Contract. In other words, this non-disclosure was directly relevant to the subject matter of the Contract.

4.22   Vijuve had a duty to disclose its true plan and actions regarding 100% free rebates because these facts were vital to the relationship and Kaspien's decision to execute the Contract and make future purchases of Vijuve products. These facts were vital, for example, because Vijuve's actual (and undisclosed) "marketing plan" artificially increased the sales velocity of Vijuve products on Amazon. In turn, this increased sales velocity artificially (and improperly), and created the potential for Kaspien to believe that it needed to purchase more Vijuve products. In late September/early October, the undisclosed marketing plan did, in fact, make Kaspien believe that it needed to purchase more products. Kaspien did, in fact, make a large purchase as a result of Vijuve's non-disclosure.

4.23   As a result of Vijuve's fraudulent omissions, concealment, and silence, the Contract should be considered null and void and/or rescinded.

4.24   As a result of Vijuve's fraudulent omissions, concealment, and silence, Kaspien has been damaged in amounts to be proven at trial.

KASPIEN'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS: 30
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

## FOURTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

4.25    Counterclaim Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

4.26    Through the conduct described above, specifically the conduct described in Paragraphs 3.1 – 3.40 and Paragraph 3.45, Vijuve supplied information for the guidance of Kaspien in a business transaction.  This information was false.

4.27    Vijuve knew (or should have known) that the information that it was supplying to Kaspien was supplied to guide Kaspien in making business decisions and transactions.

4.28    Vijuve was negligent in communicating the false information to Kaspien.

4.29    Kaspien relied on the false information supplied by Vijuve.

4.30    Kaspien's reliance was justified and reasonable under the surrounding circumstances, including the parties' prior dealings, communications, relationship, and industry custom.

4.31    The false information provided by Vijuve was the proximate cause of damages to Kaspien.

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 31
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

## V. DEMAND FOR JURY

Counterclaim Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, having responded to the allegations of Vijuve's Complaint, raised affirmative defenses, and having asserted counterclaims, Counterclaim Plaintiff prays for the following relief:

1. For dismissal of Vijuve's Complaint, with prejudice.

2. For damages in amounts to be proven at trial on Counterclaim Plaintiff's counterclaims.

3. For recission of the Contract and all associated remedies.

4. For judgment and an award of specific performance as described in Paragraphs 4.7 to 4.12.

5. For attorneys' fees and costs as permitted by applicable statutes, court rules, contracts and/or case law.

6. For such other relief as the Court deems just and equitable.

//

//

//

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 32
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

DATED this 1st day of July, 2022.

LUKINS & ANNIS, P.S.


By: /s/ Kelly E. Konkright
KELLY E. KONKRIGHT, WSBA #33544
CHARLES HAUSBERG, WSBA #50029

Attorneys for Kaspien Inc.

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 33
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 1st day of July, 2022, I caused to be served a true and correct copy of the foregoing by the method indicated below, and addressed to all entities as follows:

John McDonald
Jesse D. Mondry
Harris Bricken Sliwoski LLP
600 Stewart Street, Suite 1200
Seattle, WA 98101

☐ U.S. Mail
☐ Hand Delivered
☐ Overnight Mail
☐ Telecopy (FAX)
☒ Via email/ECF

john.mcdonald@harrisbricken.com

jesse@harrisbricken.com

*Attorneys for Plaintiff*

LUKINS & ANNIS, P.S.


/s/ Marianne Love
Marianne Love, Paralegal

KASPIEN'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS: 34
7/1/22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323