FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 26, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VIJUVE INC., a Florida corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>KASPIEN INC., a Washington corporation,<br><br>    Defendant. | No. 2:21-CV-00192-SAB<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO STRIKE AS MOOT** |

    Before the Court is Defendant Kaspien's Motion for Summary Judgment, ECF No. 103, and Plaintiff Vijuve's Motion to Strike Defendant Kaspien's Surreply, ECF No. 123. The Court heard oral argument on June 13, 2023 by videoconference. Defendant Kaspien Inc. ("Kaspien") was represented by Charles Hausberg and Zaine Yzaguirre; Mr. Hausberg presented on behalf of Defendant. Plaintiff Vijuve Inc. ("Vijuve") was represented by Constance Proctor and Edward Redmond; Mr. Redmond presented on behalf of Plaintiff.

    This case involves a contract dispute between two companies: Vijuve, a company selling skincare products, and Kaspien, a company helping to sell these skincare products on Amazon. Vijuve alleges that Kaspien breached their contract by refusing to make a required minimum purchase order of Vijuve's products. On the other hand, Kaspien argues that Vijuve engaged in questionable marketing

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO STRIKE AS MOOT** # 1

tactics, which resulted in an extreme spike in Vijuve's sales velocity and dramatically increased Kaspien's purchase requirements under the contract. However, when Kaspien tried to ask Vijuve about this spike, Vijuve refused to provide any explanation or assurances and terminated the contract.

In this motion, Kaspien argues that Vijuve agreed to limit their ability to recover lost profits. And since Vijuve seeks lost profits stemming from that contract, Kaspien argues, Vijuve is precluded from bringing its sole breach of contract claim. Vijuve disagrees, arguing that genuine issues of material issues of fact exist because an addendum to the contract nullifies the lost profits provision.

Based upon the briefing, the caselaw, and the parties' arguments, the Court grants summary judgment in favor of Kaspien and dismisses Vijuve's motion to strike as moot.

### Facts

The following facts are drawn from the complaint and the parties' respective Statements of Material Facts. The facts are construed in the light most favorable to the non-moving party, Vijuve.

Vijuve is a company that sells skincare products. Kaspien is an e-commerce company, helping companies provide products to customers through online marketplaces, direct websites, and brick and mortar stores. Kaspien was formerly known as "etailz."

Vijuve and Kaspien signed a contractual agreement on June 6, 2018. The parties agreed that Kaspien would have the exclusive right to market and sell Vijuve's Anti-Aging Face Massager and Serum products on Amazon.

On September 1, 2020, Adeel Imrani, the co-founder of Vijuve, emailed Kunal Chopra, the CEO of Kaspien. In his email, Mr. Imrani noted that, although the partnership had been going well overall, the parties' sales were down compared to the end of 2019. Mr. Imrani noted several factors that Vijuve believed had contributed to the decline in sales and suggested a plan to increase profits.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO STRIKE AS MOOT** # 2

Specifically, Mr. Imrani proposed that Vijuve would (1) commit to Kaspien being the sole seller of the Massager and Serum on Amazon; (2) implement marketing tactics by pushing traffic from a curated audience via social media channels and our email lists; and (3) increase sales by investing in additional launching strategies. In return, Mr. Imrani requested that Kaspien commit to a new formula for placing its purchase orders for Vijuve's Massagers and Serum that was based on the past two weeks' sales velocity.

The parties engaged in negotiations regarding Mr. Imrani's proposal from September 1 to September 18, 2020. On September 18, 2020, Vijuve and Kaspien executed their Retail Partnership and Addendum agreement (the "Contract"), formalizing their agreement. The parties agreed to the following terms.

First, Kaspien was subject to a Minimum Order Commitment ("MOC") to Vijuve. Specifically, under the MOC, if Kaspien's stock of Vijuve products was less than the last two weeks' sales velocity (which the Contract defined as confirmed orders plus pending orders), then Kaspien was required to place an order based on the previous two weeks' sales velocity.

Second, the Contract included a "Consequential Damages" clause in Paragraph 20. The term "Partner" in this paragraph refers to Vijuve. The Consequential Damages clause reads as follows:

> **Consequential Damages.** In no event shall Kaspien or its affiliate or subsidiaries be liable to Partner or any third party under any theory of tort, contract, strict liability, or other legal or equitable theory of (i) lost profits, lost revenue, loss of business or loss of data, (ii) exemplary, punitive, special, incidental, indirect or consequential damages or the like, or (iii) for cost of cover, recovery or recoupment of any investment, each of which is hereby excluded by agreement of the parties regardless of whether such damages were foreseeable or whether Kaspien has been advised of the possibility of such damages.

Throughout the negotiations in September 2020, every exchanged draft included this "Consequential Damages" clause.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO STRIKE AS MOOT** # 3

Third, the Contract included an Addendum which Vijuve argues is an integration provision of the Contract that supersedes any conflicting terms or conditions of the Contract. The pertinent portion of the Addendum provides:

> To the extent that any terms or conditions contained in this Addendum may contradict or conflict with any of the terms or conditions of the attached Agreement, it is expressly understood and agreed that the terms of this Addendum shall take precedence and supersede the attached Agreement.

On or about February 8, 2021, Vijuve demanded Kaspien make a purchase of approximately $774,000. Kaspien refused to comply with Vijuve's request. Thus, Vijuve commenced this action seeking damages for Kaspien's alleged breach of contract.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO STRIKE AS MOOT** # 4

sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### Applicable Law

An integration clause is a provision in a contract that states that: (1) the contract contains the complete and final agreement between the parties and (2) supersedes any other oral or written agreements between the parties on the same subject matter. Washington law provides that a court "may consider evidence of negotiations and circumstances surrounding the formation of the contract" in determining whether an agreement is integrated. *M.A. Mortenson Co. v. Timberline Software Corp.*, 140 Wn.2d 568, 597, 998 P.2d 305 (2000). Exclusions for damages are generally enforceable in purely commercial contracts. *See Nursery Prod., Inc. v. Indian Wells Orchards*, 115 Wn.2d 217, 222, 797 P.2d 477 (1990).

### Discussion

Considering the evidence surrounding creation of the contract, the Addendum is a valid contractual integration of the Contract, but the Addendum does not supersede the Consequential Damages clause in the original Contract. The absence of a provision explicitly removing or amending the Consequential damages clause in the Addendum is decisive, meaning the clause stands after integration.

Vijuve seeks lost profits in this action. Vijuve did not argue the Contract was unconscionable and, rather, the record demonstrates it exchanged multiple drafts with Kaspien that continually included the Consequential Damages clause. Vijuve

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO STRIKE AS MOOT** # 5

did not raise concern about the Consequential Damages clause at any time. Indeed, a representative of Vijuve testified that they decided not to negotiate the Consequential Damages clause. Vijuve also conceded that the Contract and Addendum are valid between Vijuve and Kaspien. Since there is a valid commercial contract and no provision nullifying the Consequences Damages clause, the clause is enforceable and Vijuve's claim is estopped by contract. Kaspien is entitled to judgment as a matter of law.

### Vijuve's Motion to Strike

Vijuve requests that the Court strike Kaspien's second reply brief, submitted in support of Kaspien's motion for summary judgment. ECF No. 121. Kaspien filed its surreply without leave of the Court. Therefore, the Court did not consider Kaspien's second reply when resolving the parties' motions. The Court strikes Vijuve's motion as moot.

### Conclusion

The Addendum integrates the Contract but does not include a provision superseding the Consequential Damages clause of the original Contract. Therefore, Vijuve's sole cause of action for damages is precluded by the agreement, and Kaspien is entitled to judgment as a matter of law. In addition, as the Court did not consider Kaspien's second reply brief, Vijuve's motion is stricken as moot.

//
//
//
//
//
//
//
//
//

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO STRIKE AS MOOT** # 6

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, ECF No. 103, is **GRANTED**.

2. Plaintiff's Motion to Strike Defendant's Surreply, ECF No. 123, is **DISMISSED as MOOT**.

3. Plaintiff Vijuve's sole breach of contract claim is **DISMISSED**.

4. The parties shall confer and notify the Court **no later than July 26, 2023** regarding what the next steps should be for this case, if any.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to file this Order and provide copies to counsel.

**DATED** this 26th day of June 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO STRIKE AS MOOT** # 7