FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 02, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VIJUVE INC., a Florida corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>KASPIEN INC., a Washington corporation,<br><br>    Defendant. | No. 2:21-CV-00192-SAB<br><br>**ORDER DENYING THIRD MOTION FOR RECONSIDERATION** |

    Before the Court is Plaintiff's Motion for Reconsideration of Order Granting Attorneys' Fees and Costs, ECF No. 155. Defendant is represented by Charles Hausberg and Kelly E. Konkright. Plaintiff is represented by Constance Proctor and Edward Redmond. The motion was considered without oral argument.

    On June 26, 2023, this Court granted Defendant's ("Kaspien") Motion for Summary Judgment, ECF No. 128. In that Order, the Court found that Plaintiff's ("Vijuve") sole cause of action for damages was precluded by the Consequential Damages clause of the original Contract, and Kaspien was entitled to judgment as a matter of law. Kaspien filed a Motion for Attorneys' Fees and Costs on July 10, 2023, ECF No. 131. Vijuve did not substantively oppose the Motion for Attorneys' Fees and Costs, but rather filed a short Motion to Stay Defendant's Motion for Attorney's Fees and Costs, ECF No. 134. On August 15, 2023, Kaspien filed a Supplemental Motion for Attorneys' Fees and Costs, ECF No. 146, related to their response to Vijuve's Motion for Reconsideration of Summary Judgment Order,

**ORDER DENYING THIRD MOTION FOR RECONSIDERATION** # 1

ECF No. 133. Vijuve also not provide a substantive respond to Kaspien's second motion for fees. On September 6, 2023, this Court granted Kaspien's motions for attorneys' fees and costs, ECF No. 154. Vijuve now moves the Court to reconsider that decision.

Reconsideration is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

The Ninth Circuit Court of Appeals rejects parties' attempts to raise new arguments for the first time in a motion for reconsideration. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (finding raising new arguments was "simply too little, too late"). A motion under Rule 59(e) "may not be used to raise arguments or present evidence for the first time when they could have reasonably been raised earlier in the litigation." *Kona Enterprises*, 229 F.3d at 890. "A district court does not even have to consider issues that were raised for the first time in motions for reconsideration." *Farmers New World Life Ins. v. Burton*, No. 2:18-CV-30-RMP, 2019 WL 1103398, at *3 (E.D. Wash. Mar. 8, 2019).

**ORDER DENYING THIRD MOTION FOR RECONSIDERATION** # 2

Here, Vijuve again does not meet the standard for reconsideration outlined in case law. There is no newly discovered evidence, the Court did not commit clear error or was manifestly unjust, and there is no intervening change in controlling law. The Court analyzed the relevant contract law and applied the appropriate standard for awarding fees and costs to Kaspien. Furthermore, Vijuve twice waived their right to oppose Kaspien's requests for attorneys' fees and costs. Pursuant to *389 Orange St. Partners*, Vijuve's third motion for reconsideration is "too little, too late."

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Reconsideration of Order Granting Attorneys' Fees and Costs, ECF No. 155, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to file this Order and provide copies to counsel.

**DATED** this 2nd day of November 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING THIRD MOTION FOR RECONSIDERATION # 3**